# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal Action No. 1:23-00070-JB-N** |
| | ) | |
| CRAIG D. PERCIAVALLE, | ) | |
| JOSEPH A. RUNKEL, *and* | ) | |
| WILLIAM O. ADAMS, | ) | |
| Defendants. | ) | |

## ORDER

Upon due consideration of the motions for entry of their respective proposed scheduling orders filed by the Government and by the Defendants (Docs. 87, 88),[1] the following trial and pretrial schedule is set as to all defendants in this action:[2]

- <u>PLEA</u>. Counsel for each defendant is requested to contact the U.S. Attorney immediately if the defendant intends to engage in plea negotiations. **If a defendant decides to change a plea of not guilty, counsel for that defendant shall provide notice of such intent no later than the pretrial conference** and the defendant will then be set for a change-of-plea hearing. If a defendant files a Notice of Intent to Plead Guilty prior to

---

[1] The assigned District Judge has referred said motions to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Criminal Procedure 59, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (9/25/2023 electronic reference notation).

[2] This order **SUPERSEDES** the schedules set out in the Court's prior Orders on Arraignment (Docs. 16, 21, 26).

the pretrial conference, the Court will schedule a change-of-plea hearing based on the directions of the district judge to which the case is assigned.[3]

- TRIAL. Jury selection is set for **JANUARY 6, 2025**, beginning at **8:45 A.M. (Central)**, in **Courtroom 4A** of the United States District Courthouse at 155 St. Joseph Street, Mobile, Alabama 36602, before Chief United States District Judge Jeffrey U. Beaverstock, with trial to start *immediately after jury selection has concluded*. The parties currently anticipate that trial will take up to **8 weeks**. As is the practice in this District, a defendant shall certify their agreement to any requested continuance by timely filing a waiver of their speedy trial rights that substantially complies with the form attached to this Order (Attachment 1).

- DISCOVERY. Discovery in this action shall be conducted according to the requirements of S.D. Ala. Criminal Local Rule 16 ("CrLR 16"). If the United States has not provided all information required by CrLR 16(b)(1) at the time of a defendant's arraignment, a notice shall be filed no later than **NOVEMBER 1, 2023,** which identifies the outstanding discovery and provides the anticipated production date. Disclosures by the defendants required in CrLR 16(b)(4) shall be accomplished no later than **DECEMBER**

---

[3] Any Notice of Intent to Plead Guilty filed before the pretrial conference shall reflect the specific count(s) to which the defendant will plea and whether there is a plea agreement. When a Notice of Intent to Plead Guilty is filed prior to the pretrial conference date, it is not necessary for that defendant or their counsel to appear for the pretrial conference.

**1, 2023**. **However, the deadlines in this paragraph do not apply to any category of CrLR 16(b) information that is subject to a different disclosure deadline set by this order.**

- EXPERT WITNESSES. The United States must disclose all expert witness information and materials required by Fed. R. Crim. P. 16(a)(1)(G) no later than **MAY 10, 2024**. The defendants must disclose all expert witness information and material required by Fed. R. Crim. P. 16(b)(1)(C) no later than **JULY 2, 2024**. All challenges to expert witnesses, including *Daubert* motions, must be filed no later than **SEPTEMBER 13, 2024**.

- RULE 404(b) EVIDENCE. The United States must file any notice under Fed. R. Evid. 404(b)(3) no later than **JUNE 14, 2024**. The defendants must file any briefs objecting to such notices no later than **JUNE 28, 2024**. The United States must file any brief in reply to the responses no later than **JULY 12, 2024**. No other briefing or submissions addressing the Rule 404(b)(3) notices may filed without leave of the Court for good cause shown.

- JENCKS ACT STATEMENTS. The United States shall provide defense counsel with all Jencks Act statements no later than **the day scheduled for the commencement of the trial**.

- PRETRIAL MOTIONS, NOTICES, AND DEMANDS. All pretrial motions under Fed. R. Crim. P. 12(b), 14 and 16; all notices or demands under Fed. R. Crim. P. 12.1, 12.2, and 12.3, and S.D. Ala. CrLR 12.5 (entrapment); and any motion to compel, must be filed no later than **JULY 19, 2024**. Pretrial

motions, notices, or demands filed after this date must contain an explanation as to why they were not timely filed and will be considered only if good cause for the tardy filing has been shown. Fed. R. Crim. P. 12(c)(3). Briefs in response to any such motion, notice, or demand must be filed no later than **AUGUST 2, 2024**, and briefs in reply to the responses must be filed no later than **AUGUST 16, 2024**. No other briefing or submissions addressing pretrial motions, notices, or demands may be filed without leave of the Court for good cause shown. To the extent the Court finds a hearing on any pretrial motion, notice, or demand  to be necessary or otherwise appropriate, one will be set by separate order.

- <u>PRELIMINARY SENTENCING GUIDELINES INFORMATION</u>. The United States Probation Officer assigned to this case, **HEATH IMPASTATO**, is directed to prepare and file preliminary guideline sentencing calculations for each defendant based on the relevant information that is available. The preliminary reports are to be filed no later than two days before the first pretrial conference, **JANUARY 3, 2024**, so that the parties will have sufficient time to review the report prior to the first pretrial conference, *see infra*. The filing of these preliminary calculations is solely for the purpose of providing the defendants and their counsel with information that may be helpful in analyzing the possible applications of the United States Sentencing Guidelines and in preparing the case for trial or other resolution. Counsel shall be prepared to raise any

questions or concerns about the calculations during the first pretrial conference.

- <u>PRETRIAL CONFERENCES</u>. Pretrial conferences under Fed. R. Crim. P. 17.1 and S.D. Ala. CrLR 17.1(b) are set as follows. All pretrial conferences will be held **IN-PERSON** before the undersigned Magistrate Judge in **Courtroom 5B** of the United States District Courthouse at 155 St. Joseph Street, Mobile, Alabama 36602:

  - **JANUARY 5, 2024**, beginning at **11:00 A.M. (Central)**. Counsel for each Defendant, each Defendant who is not under pretrial detention, and the <u>lead</u> Assistant United States Attorney, must participate in this conference. The attorneys are expected to have conferred with their clients and to have thoroughly reviewed the preliminary sentencing guidelines report and discovery materials prior to this conference, to foster meaningful discussions about the ultimate disposition of the case. The attorneys should also be prepared to discuss any pending motions and discovery issues, possible stipulations, change of plea, and any other preliminary matters as may be appropriate. In the event a Notice of Intent to Plead Guilty is filed prior to this conference date, it is not necessary for that defendant or his counsel to appear for this conference provided defense counsel has also executed and filed a Certification of

Preliminary Guideline Calculations (Attachment 2) along with the Notice of Intent to Plead Guilty.

o **MARCH 15, 2024**, beginning at **2:00 P.M. (Central)**. Lead trial counsel for each party shall attend this pretrial conference. Defense counsel and counsel for the United States shall be prepared to discuss any pending motions and discovery requests, possible stipulations, estimated length of the trial, change of plea, preliminary guideline calculations and any other preliminary matters. The defendants may participate in this conference, but their presence is not required.

o **JULY 11, 2024**, beginning at **11:00 A.M. (Central)**. Lead trial counsel for each party shall attend this pretrial conference. Defense counsel and counsel for the United States shall be prepared to discuss any pending motions and discovery issues, possible stipulations, estimated length of the trial, change of plea, preliminary guideline calculations and any other preliminary matters. The defendants may participate in this conference, but their presence is not required.

o **DECEMBER 5, 2024**, beginning at **11:00 A.M. (Central)**. Lead trial counsel for each party shall attend this pretrial conference. Defense counsel and counsel for the United States shall be prepared to discuss any pending motions and discovery issues, possible stipulations, estimated length of the trial, change of plea, preliminary guideline

calculations and any other preliminary matters. The defendants may participate in this conference, but their presence is not required.

o   Counsel who consider it necessary to have their in-custody clients present during a pretrial conference must notify the Magistrate Judge within three business days of the conference date so that an order to produce can be issued to the United States Marshal.

o   In those instances where a Notice of Intent to Plead Guilty is filed prior to a pretrial conference date, it is not necessary for that defendant or his counsel to appear for that pretrial conference.

- <u>MANDATORY APPEARANCE OF COUNSEL</u>. Unless excused by court order, at least one counsel of record for each party must appear at all future court proceedings in this criminal case. Those attorneys who find it impossible to be in attendance (especially at the pretrial conference, jury selection, or trial) <u>must</u> make arrangements to have substitute counsel appear on behalf of their clients. Any attorney who appears as substitute counsel for a defendant <u>shall</u> have full authorization from the defendant to act on their behalf and be fully prepared to proceed. Substitute counsel shall not serve as counsel for a co-defendant unless permitted by the Court after proper motion. *See* Fed. R. Crim. P. 44(c).

- <u>LOCAL RULES</u>. All parties are reminded that the Local Rules and Standing Orders of this Court contain important requirements concerning discovery, representation of defendants, and other matters. They are

available on the Court's website at: https://www.alsd.uscourts.gov/rules-and-orders. Since they are amended from time to time, the parties should be diligent in keeping up with the most recent versions.

**DONE** and **ORDERED** this the **5th** day of **October 2023**.

*/s/ Katherine P. Nelson*

**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**